Plaintiffs in these causes had obtained judgments without any pleas on the part of the defendants denying their having assets, and an execution had issued in the first instance commanding the sheriff to levy the debt de bonis testatoris si, etc., et si non, then de bonis propriis;
and TAYLOR, J., on the complaint of the defendants, had issued asupersedeas. And now Woods argued that there is not any book which warrants so speedy a proceeding. Even Pettifer's case, reported by Lord Coke, and adverted to by Wentworth, page 116, will not permit a fi. fa. to be leviedde bonis propriis until a return of nulla bona. And as to the cases in this State, Haywood's Reports, 218, 298, go no further than to warrant a special fi. fa. after nulla bona returned to a general one. Cases may happen where even that mode will be found subject to inconvenience, for suppose, after judgment the personal chattel which the executor relied on for satisfying the plaintiff's demand should perish before (113) the execution satisfied; the sheriff would return nulla bona, and a special fi. fa. would immediately issued without giving to the defendant any opportunity to discharge himself by showing the destruction of his assets. I should therefore contend, were it not for Pettifer's case, and the strong intimation given in the cases decided in this State, that ascire facias should go; for there must be a new judgment to support this special fi. fa. The first judgment will not, for that is to be levied debonis testatoris, and the damages de bonis propriis; and surely it is a little out of the common course to give a new judgment in the absence of the defendant, upon the mere return of nulla bona, that it should be *Page 110 
levied de bonis propriis. However, what I wish to establish at present, is that a special fi. fa. shall not issue until there be a return of nullabona; and he cited Impey, 466.
The special fi. fa. ought not to issue till the return. We will adhere to precedents, even where they confine us to narrower limits than the reason of them requires.
NOTE. — See Parker v. Stephens, 2 N.C. 219, and the cases referred to in the note, the last of which, Hunter v. Hunter, 4 N.C. 5, decides that the special fi. fa. is improper, and that a sci. fa. or debt for devastavit is the only proper course.